UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| QUANZHOU LEADER INDUSTRY LIMITED,<br><br>　　　　Plaintiff<br><br>　　　　v.<br><br>QUANZHOUSHI YUESI COMMERCE CO. LTD.,<br><br>　　　　Defendant. | Civil Action No. 25-cv-4496<br><br>**COMPLAINT** |

Plaintiff, Quanzhou Leader Industry Limited ("**Plaintiff**"), by and through its undersigned counsel, alleges the following as and for its Complaint against Defendant, Quanzhoushi Yuesi Commerce Co. Ltd. ("**Defendant**"):

**NATURE OF THE ACTION AND RELIEF SOUGHT**

1. This is an action for copyright infringement in violation of the Copyright Act, 17 U.S.C. § 501.

2. Plaintiff brings this action based on Defendant's unauthorized reproduction, distribution, and sale of sculptural products embodying Plaintiff's original work, which is the subject of a valid U.S. copyright registration.

3. Plaintiff seeks preliminary and permanent injunctive relief, an award of actual or statutory damages, enhanced damages for willful infringement, and recovery of its reasonable attorneys' fees and costs.

**PARTIES**

4.      Plaintiff, Quanzhou Leader Industry Limited, is a limited liability company organized under the laws of the People's Republic of China, with offices and a principal place of business at 6th Fengfa Road, Beifeng Industrial Zone, Quanzhou City, Fujian Province, China 362000.

5.      Upon information and belief, Defendant, Quanzhoushi Yuesi Commerce Co. Ltd., is a limited liability company organized under the laws of the People's Republic of China, with offices and a principal place of business at 5th Floor, No. 108, Dingpu Road, Citong Community, Kaiyuan Subdistrict, Licheng District, Quanzhou City, Fujian Province, China 362000.

6.      Upon information and belief, Defendant conducts business in the United States through its storefront on Amazon.com and potentially through additional online marketplace platforms that are not yet identified.

**JURISDICTION AND VENUE**

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has personal jurisdiction over Defendant pursuant to 17 U.S.C. § 512(g)(3)(D), based on Defendant's affirmative submission of two counter-notifications (the "**Counter Notices**") under the Digital Millennium Copyright Act ("**DMCA**"), 17 U.S.C. § 512. True and correct copies of Defendant's Counter Notices are attached hereto as **Exhibits A-1** and **A-2**.

9.      Specifically, Defendant resides outside the United States and has consented to the jurisdiction of a United States District Court in any judicial district where the service provider, Amazon.com, Inc., may be found, as required under 17 U.S.C. § 512(g)(3)(D).

10. Amazon maintains business operations within this judicial district, including at 450 W 33rd St, New York, NY 10001.

11. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

**A.   Plaintiff's Copyright**

12. Prior to the Defendant's infringing acts alleged herein, the Plaintiff was and remains the creator, author, and intellectual property owner of a sculptural design with respect to a certain decorative dragon lantern statue.

13. The copyright therein, titled "Dragon with solar lantern tree hugger statue," was registered with the U.S. Copyright Office, effective on June 17, 2024, bearing Registration No. VA 2-407-974 (the "**Plaintiff's Copyright**"). A true and accurate copy of the Plaintiff's Copyright is attached hereto as **Exhibit B**.

14. The Plaintiff's Copyright covers a sculptural work depicting a juvenile dragon rendered in a climbing posture, with a lantern suspended beneath it. The design integrates ornamental and functional elements in a manner that reflects a distinct and individualized artistic expression. The dragon is shown in a crouched, upward-climbing stance, with wings partially tucked, tail coiled beneath the body, and claws positioned to convey both tension and grip. Its facial expression is alert and dynamic, featuring sculpted eyes, pronounced brow ridges, an open mouth, and backward-swept horns—all contributing to a cohesive and imaginative visual identity. The lantern, affixed by a short chain beneath one of the dragon's outstretched limbs, is rendered in a gothic-style lattice motif and positioned to suggest interaction between the creature and the object. The overall composition embodies an aesthetic vision that is original to the Plaintiff. True and accurate images of the design protected by the Plaintiff's Copyright are shown below:



15.     The protectable elements of the Plaintiff's Copyright include the specific artistic expression embodied in the dragon's posture, limb positioning, tail curvature, wing orientation, and distinctive facial features, as well as the integration of a gothic-style suspended lantern. These elements are original and reflect the author's creative judgment and are not dictated by functional considerations or commonplace depictions of dragons.

16.     Beyond the individual elements, the Plaintiff's Copyright also protects the particular selection, coordination, and arrangement of those components into a unified sculptural composition. This includes the expressive combination of pose, anatomy, surface texture, and the integrated lantern accessory. The overall visual impression is one of dynamic engagement, fantastical character, and handcrafted realism. As set forth below, the accused products reproduce

the protectable expression of the Plaintiff's Copyright with such fidelity that it gives rise to a finding of unlawful substantial similarity.

17. Since approximately December 11, 2023, Plaintiff has offered for sale and sold a product embodying the copyrighted work described in the Plaintiff's Copyright (the "**Plaintiff's Product**") on Amazon.com, through its storefront operating under the name "Goodeco."

18. A chart identifying the Plaintiff's Product, including its product description, Amazon Standard Identification Number ("**ASIN**"), and representative images as it appears on Amazon.com, is set forth below.

| Product Description | ASIN # | Product Images |
|---|---|---|
| Goodeco Dragon Tree Hugger Solar Lantern Garden Statue - 9.3 Inch Resin Dragon Decor for Outdoor, Perfect Garden Gift & Yard Décor (the "**Plaintiff's Product**") | B0CPY2SMD9 | |

19. To date, Plaintiff has sold more than 17,000 units of the Plaintiff's Product on Amazon.com and has achieved an average customer rating of 4.5 out of 5 stars, based on over 390 global reviews. Attached hereto as **Exhibit C** are true and correct copies of the Plaintiff's Product listings on Amazon.com.

5

B.     **Defendant's Unlawful Acts**

20.    Defendant operates a storefront on Amazon.com under the name "HDNICEZM," through which it sells consumer goods, including decorative statuary.

21.    Without Plaintiff's authorization, consent, or compensation, Defendant has imported, advertised, offered for sale, and sold decorative dragon lantern statues that are substantially similar in protectable expression and, in material respects, virtually indistinguishable in overall appearance, and that embody protectable expression from the Plaintiff's Copyright (the "**Infringing Products**"). The Infringing Products are offered in two color variants—grey and copper—and are sold on Amazon.com under ASINs B0DYHJNBF8 and B0DYHMWYCS. True and correct copies of the corresponding Amazon product listings are attached hereto as **Exhibit D**.

22.    As shown in the chart below, the Infringing Products are decorative sculptures depicting a juvenile dragon in a climbing posture, with its limbs bent as if bracing against a vertical surface, wings extended upward and back, and tail curled beneath the body in a distinct arc. The dragon's head is angled outward and features a highly expressive face, including large, sculpted eyes, pronounced brow ridges, an open mouth, and backward-swept horns. A lantern, suspended by a short chain from one of the dragon's outstretched limbs, is housed in a gothic-style casing that contains the lighting element.

| *Product Description* | *ASIN #* | *Product Images* |
|---|---|---|
| Dragon Tree Door Hugger Solar Lantern Resin Statue for Outside Balcony Garden Decor Gift for Grandma Women (Grey Dragon) | B0DYHJNBF8 | |



| | | |
|---|---|---|
| Dragon Tree Door Hugger Solar Lantern Resin Statue for Outside Balcony Garden Decor Gift for Grandma Women (Coppery Dragon) | B0DYHMWYCS | |

23. The Infringing Products are substantially similar to the Plaintiff's copyrighted design in both overall impression and in specific expressive elements. The pose, anatomy, tail positioning, facial configuration, and lantern arrangement are replicated with sufficient fidelity so as to support a finding of unlawful copying. These similarities extend beyond general themes or ideas and reflect copying of the Plaintiff's protected expression—including not only the original sculptural elements themselves, but also the specific selection, coordination, and arrangement of those elements into a cohesive and distinctive visual composition.

7

24. A side-by-side comparison of the Plaintiff's Product and the Infringing Products is attached hereto as **Exhibit E**.

25. Upon information and belief, Defendant is actively manufacturing, importing, distributing, advertising, and selling, or causing to be manufactured, imported, distributed, advertised, and sold, the Infringing Products.

26. Upon information and belief, Defendant began offering the Infringing Products for sale to the public on or around February 25, 2025, after the effective date of the Plaintiff's Copyright.

27. All of Defendant's acts described herein have been undertaken without the permission or authority of the Plaintiff.

28. The Infringing Products reproduce the Plaintiff's Copyrighted work in whole or in substantial part and do not contain any transformative or materially distinguishing elements.

29. As a result of Defendant's copyright infringement and wrongful conduct, Plaintiff has suffered and continues to suffer financial harm, including lost sales, lost goodwill, and diminution of market position, the full extent of which cannot yet be ascertained.

**C.     DMCA Complaint**

30. Upon information and belief, on or about May 7, 2025, Plaintiff submitted two takedown notices to Amazon pursuant to the DMCA, identifying the Infringing Products sold under ASINs B0DYHMWYCS and B0DYHJNBF8, respectively, as unauthorized copies of Plaintiff's copyrighted work. Based on the information available to Plaintiff, Amazon appears to have accepted and processed both takedown notices in accordance with its DMCA compliance procedures.

31. On or about May 16, 2025, Defendant filed the Counter Notices, issued under 17 U.S.C. § 512, in response to Plaintiff's takedown requests.

32. In the Counter Notices, the Defendant provided the following information and certifications:

    a. <u>Contact Name</u>: 杨小艳 (Yang Xiaoyan)

    b. <u>Email Address</u>: 2276957610@qq.com

    c. <u>Mailing Address</u>: 5th Floor, No. 108, Dingpu Road, Citong Community, Kaiyuan Subdistrict, Licheng District, Quanzhou City, Fujian Province, China 362000

    d. <u>Phone Number</u>: +8619959771972

    e. <u>Jurisdictional Consent</u>: Defendant consented to the jurisdiction of any judicial district in which Amazon may be found.

    f. <u>Service of Process</u>: Defendant agreed to accept service of process from Plaintiff or its agent.

    g. <u>Certification Under Penalty of Perjury</u>: Defendant declared, under penalty of perjury, that the statements in the Counter Notices were true and correct and acknowledged that false statements may subject them to civil and criminal penalties.

**FIRST CLAIM FOR RELIEF**

(Copyright Infringement under 17 U.S.C. § 101, *et seq.*)

33. Plaintiff repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 32 of this Complaint with the same force and effect as if set forth herein.

34. The Plaintiff's Product, as a sculptural work, is an original work of visual art containing copyrightable subject matter for which copyright protections exist under the Copyright

Act, 17 U.S.C. § 101, *et seq*. Plaintiff is the owner of all right, title, and interest in and to this work, as evidenced by U.S. Copyright Registration No. VA 2-407-974.

35. The Infringing Products are substantially similar in protectable expression and, in material respects, virtually indistinguishable in overall appearance from the Plaintiff's Product, which is the subject of the Plaintiff's Copyright. The copying is not limited to general ideas, concepts, or unprotectable elements, but extends to the Plaintiff's original expression, including the specific selection, coordination, and arrangement of artistic features such as the dragon's posture, anatomical positioning, facial expression, tail curvature, wing orientation, surface texturing, and the integrated gothic-style lantern.

36. Defendant's unauthorized reproduction, distribution, advertisement, and sale of the Infringing Products constitute a violation of Plaintiff's exclusive rights under the Copyright Act, 17 U.S.C. § 106.

37. Defendant has manufactured, imported, distributed, advertised, and sold the Infringing Products, or has caused them to be manufactured, imported, distributed, advertised, and sold, without Plaintiff's authorization, thereby infringing Plaintiff's exclusive rights under 17 U.S.C. § 106 and violating 17 U.S.C. § 501.

38. Upon information and belief, Defendant's infringement has been willful, deliberate, and undertaken with full knowledge of Plaintiff's rights, thereby entitling Plaintiff to enhanced remedies under the Copyright Act.

39. As a result of Defendant's copyright infringement, Plaintiff is entitled to recover its actual damages and any profits attributable to the infringement pursuant to 17 U.S.C. § 504(b).

40. In the alternative, Plaintiff is entitled to recover statutory damages under 17 U.S.C. § 504(c), including enhanced damages for willful infringement.

41. Plaintiff is further entitled to an award of its reasonable attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

42. Plaintiff also seeks an award of pre-judgment and post-judgment interest on all monetary relief awarded.

43. Unless enjoined by this Court, Defendant's ongoing and future acts of infringement will cause Plaintiff irreparable harm for which there is no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief under 17 U.S.C. §§ 502 and 503.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant, and grant the following relief:

1. Entry of an order, on both a preliminary and permanent basis, enjoining Defendant, and all of its officers, agents, servants, employees, attorneys, and all other persons acting in concert or participation with it, from infringing Plaintiff's copyrights in any manner, and further requiring Defendant to:

   a. Disclose all websites, storefronts, and platforms through which the Infringing Products are marketed or sold;

   b. Disclose any and all products infringing upon Plaintiff's intellectual property;

   c. Disclose the means and locations of manufacture for the Infringing Products;

   d. Turn over to Plaintiff all Infringing Products and any other products infringing Plaintiff's intellectual property;

   e. Provide an accounting of all inventory of the Infringing Products and any other products infringing upon Plaintiff's intellectual property;

   f. Provide an accounting of any and all sales of the Infringing Products and any other products infringing upon Plaintiff's intellectual property;

11

  g. Remove the Infringing Products and any and all other products infringing upon Plaintiff's intellectual property from any and all websites, online marketplaces, and other channels of trade;

  h. Immediately cease all infringing activities related to Plaintiff's copyrighted works;

  i. Immediately cease all activities likely to cause consumer confusion or injury to Plaintiff's business reputation or goodwill; and

  j. File with this Court and serve on Plaintiff, within thirty (30) days of entry of any injunction, a written report under oath setting forth in detail the manner and form of compliance with the injunctive relief ordered, pursuant to 17 U.S.C. § 503(b).

 2. Entry of an order requiring Defendant to recall and destroy all Infringing Products and other infringing articles in the possession, custody, or control of Defendant or any of its officers, agents, representatives, or affiliates.

 3. An award of Plaintiff's actual damages and Defendant's profits attributable to the infringement, in an amount to be determined at trial, pursuant to 17 U.S.C. § 504(b).

 4. Alternatively, an award of statutory damages for willful infringement in the amount of $150,000 per work infringed, pursuant to 17 U.S.C. § 504(c).

 5. An award of Plaintiff's reasonable attorneys' fees and full costs of this action, pursuant to 17 U.S.C. § 505.

 6. An award of pre-judgment interest on all monetary relief awarded.

 7. An award of post-judgment interest, pursuant to 28 U.S.C. § 1961.

 8. Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff requests a jury trial of all issues that may be tried by a jury in this action.

Dated:  May 29, 2025                            Respectfully submitted,

**ZHU & CO, P.C.**

BY: */s/ Kai Zhu*
    Kai Zhu (5656657)
    43 West 43rd Street, Suite 312
    New York, New York 10036
    Telephone:  (212) 500-5979
    Email:  kaizhu@zhucopc.com

    *Attorney for Quanzhou Leader Industry Limited*